UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.  )<br>)<br>PHARMACIA & UPJOHN )<br>COMPANY, INC.  )<br>)<br>Defendant.  ) | Criminal Number: 09 CR 10258-DPW |

## ORDER OF FORFEITURE

**WOODLOCK, D.J.**

WHEREAS, on September 2, 2009, defendant Pharmacia & Upjohn Company, Inc. (the "Defendant") was charged by information with one count of distribution of misbranded drugs in interstate commerce, in violation of 21 U.S.C. §§ 331(a), 333(a)(2) and 352;

WHEREAS, the Information also contained Forfeiture Allegations, which provided notice that the United States would seek forfeiture of any quantities of Bextra which between February 2002 and April 5, 2005, were misbranded when introduced into or while in interstate commerce, or while held for sale (whether or not the first sale) after shipment in interstate commerce, or which may not, under the provisions of Title 21, United States Code, Section 331, be introduced into interstate commerce;

WHEREAS, the Forfeiture Allegations of the Information also provided notice that, in the event that any property subject to forfeiture, as a result of any act or ommission of the Defendant, (a) could not be located upon the exercise of due diligence, (b) has been transferred or sold to, or deposited with, a third party, (c) has been placed beyond the jurisdiction of the Court, (d) has been substantially diminished in value, or (e) has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to 21

U.S.C. § 853(p), to seek forfeiture of any other property of the Defendant, up to the value of such property;

WHEREAS, on September 15, 2009, the Defendant pled guilty to Count One of the Information, pursuant to a written plea agreement signed by the Defendant;

WHEREAS, the Defendant agreed in the plea agreement to forfeit to the United States any and all assets subject to forfeiture pursuant to 21 U.S.C. § 334 and 28 U.S.C. § 2461(c) as a result of its guilty plea;

WHEREAS, the Defendant admitted in the plea agreement that the value of the quantities of Bextra which were misbranded in violation of 21 U.S.C. § 331 totaled at least $105,000,000;

WHEREAS, the Defendant also acknowledged and agreed that the quantities of Bextra which were misbranded in violation of 21 U.S.C. § 331 cannot be located upon exercise of due diligence, or have been transferred or sold to, or deposited with, a third party, placed beyond the jurisdiction of the Court, substantially diminished in value, or commingled with other property which cannot be divided without difficulty;

WHEREAS, the Defendant agreed that the United States is entitled to forfeit as "substitute assets" any other assets of The Defendant up to the value of the now missing directly forfeitable assets;

WHEREAS, the Defendant has agreed, in its plea agreement, to the entry of an order of forfeiture in the amount of $105,000,000;

WHEREAS, the United States has filed a Motion for Order of Forfeiture which would consist of a personal money judgment against the Defendant in the amount of $105,000,000; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. A personal forfeiture money judgment is entered against the Defendant in the amount of $105,000,000 in favor of the United States pursuant to 28 U.S.C. § 2461(c) and 21 U.S.C. §§ 334 and 853(p).

2. Upon payment by the Defendant of the $105,000,000 to the government, all right, title and interest of the Defendant in the $105,000,000 is forfeited to the United States.

3. Pursuant to Rule 32.2(b)(3), this Order of Forfeiture shall become final as to the Defendant at sentencing and shall be made part of the sentence and included in the judgment.

4. This Court shall retain jurisdiction to enforce this Order of Forfeiture, and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2(e).

DONE AND ORDERED in Boston, Massachusetts, this 16th day of October, 2009.

DOUGLAS P. WOODLOCK
United States District Judge